# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

March 31, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In Re: S.R., H.R., & M.R.**

**No. 13-1112** (Kanawha County 12-JA-136, 12-JA-137, & 12-JA-138)

## MEMORANDUM DECISION

Petitioner Father, by counsel Edward L. Bullman, appeals the Circuit Court of Kanawha County's order entered on October 1, 2013, terminating his parental rights to his children S.R., H.R., and M.R. The West Virginia Department of Health and Human Resources ("DHHR"), by William P. Jones, its attorney, filed its response in support of the circuit court's order. The guardian ad litem, Sharon K. Childers, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights based upon economic conditions.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The DHHR filed an abuse and neglect petition in May of 2012 against petitioner and the children's mother, based upon allegations that their home was poorly maintained; the children lacked adequate supervision and hygiene; the children had unexplained injuries; the parents abused controlled substances; and there was domestic violence in the home. At the preliminary hearing in June of 2012, petitioner admitted to taking the controlled substance Lortab without having a prescription for it. Following the hearing, the circuit court ordered random drug screens, counseling, training programs, and supervised visitations with the children. In July of 2012, at an adjudicatory hearing, the circuit court found petitioner to be an abusing parent due to neglecting his children and exposing them to drug abuse. The circuit court granted petitioner a post-adjudicatory improvement period at a subsequent hearing, but in February of 2013, terminated the improvement period for non-compliance. Petitioner did not attend the hearing and the circuit court held that he had failed to meet with providers for visitation and had called in for drug screens, but had only tested once. In April of 2013, the circuit court held a dispositional hearing. Case workers' testimony showed that petitioner had not complied with the terms of his improvement period, had not called his children in three months, had only made two appointments to receive services, and was "very unmotivated" to function and carry out tasks. By order entered October 1, 2013, the circuit court terminated petitioner's parental rights and denied post-termination visitation. It is from this order that petitioner appeals.

1

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.* 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner argues that he did not neglect his children and that any shortcoming to his parenting was primarily due to a lack of financial means. By statute, a neglected child is one

> [w]hose physical or mental health is harmed or threatened by a present refusal, failure or inability of the child's parent, guardian or custodian to supply the child with necessary food, clothing, shelter, supervision, medical care or education, when such refusal, failure or inability is not due primarily to a lack of financial means on the part of the parent, guardian or custodian.

W.Va. Code § 49-1-3(11)(A)(i) (2013). The record shows that petitioner's children were inadequately cared for, infested with lice and scabies, and hungry and dirty and that petitioner used drugs without a prescription. Petitioner was given an opportunity through his improvement period to stay in contact with the children and to show he was not abusing drugs by attending drug screenings. However, in violation of the terms of his improvement period, petitioner failed to participate in drug screens and visitation after a few occasions when he complied. For these reasons, this Court finds that the circuit court was presented with sufficient evidence to support the finding that petitioner neglected the children within the meaning of West Virginia Code § 49-1-3(10). As such, we find that the evidence was sufficient to establish that petitioner failed to substantially comply with the terms of his improvement period.

Finally, this Court finds that the circuit court did not err when it found no reasonable likelihood that the conditions of abuse and neglect will be substantially corrected and that reunification of the parents and children is not in the children's best interest due to petitioner's failure to comply with the terms of his improvement period and failure to participate in services the DHHR provided. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings. For the foregoing reasons, we find no error in the circuit court's decision and the termination of petitioner's parental rights is hereby affirmed.

Affirmed.

**ISSUED**: March 31, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II